**UNITED STATES of America, Plaintiff,**

**v.**

**William WERNER; Maribeth Werner; Mercotrust Limited, a/k/a Mercotrust Aktiengesellschaft, as Trustee of the Casa Trust, a purported Liechtenstenian trust; Glenn Werner, Debi Neustadter, Rick Werner, Cori Werner, and David Boland, as court-appointed receiver of the assets of William Werner, Defendants.**

No. 93 Civ. 4404 (KMW).

United States District Court,
S.D. New York.

June 20, 1994.

Manvin S. Mayell, Asst. U.S. Atty., Mary Jo White, U.S. Atty., New York City, for plaintiff.

A. Mitchell Green, Robinson, Brog, Leinwand, Reich, Genovese & Gluck, pro se.

MEMORANDUM OPINION AND ORDER

KIMBA M. WOOD, District Judge.

The United States of America ("the government") brought this action to reduce to judgment assessments of unpaid federal income tax liabilities of William and Maribeth Werner ("the Werners"), and to foreclose federal tax liens upon two classes of assets allegedly owned by the Werners: (1) assets held in a Liechtenstein trust known as the "Casa Trust," and (2) assets formerly held by defendant David Boland ("the Receiver assets"), who was appointed by this Court in an unrelated action by private parties to take possession of William Werner's assets ("the Receiver"). Presently before the court is a motion by the Werners, together with Glenn Werner, Cori Werner, Rick Werner and Debi Neustadter, who have interests in the assets of the Casa Trust, for summary judgment on, or alternatively for dismissal of, the government's claims as to the Casa Trust and the Receiver assets. The government cross-moves for summary judgment declaring that the assets of the Casa Trust and the Receiver assets are subject to its tax liens, and directing foreclosure of its liens on those assets. For the reasons stated below, defendants' motion for summary judgment, or in the alternative for dismissal, is denied. The government's motion for summary judgment is granted.

## Background

Certain facts underlying this case arose in connection with *Duttle v. Bandler & Kass,* 82 Civ. 5084 (KMW), an earlier action by private plaintiffs ("the *Duttle* plaintiffs") to enforce a judgment against William Werner ("Werner"). The facts of *Duttle* are repeated only as necessary here.[1] After obtaining their judgment against Werner, the *Duttle* plaintiffs filed an application pursuant to Rule 69 of the Federal Rules of Civil Procedure, to compel Werner to deliver to them the contents of the Casa Trust and other Werner assets. The day before depositions were to begin in connection with the application, Werner filed a petition for bankruptcy. The

*Duttle* plaintiffs moved, *inter alia,* to dismiss the petition as a bad faith filing, and I granted their motion on June 19, 1992, 1992 WL 162637. My decision was based in part on the finding that Werner had failed to honestly list all of his assets, and that he had placed his assets in his wife's name and created a Liechtenstein trust, the Casa Trust, in order to defraud his creditors. *See* Memorandum Opinion and Order dated June 19, 1992, 91 Civ. 6868 (KMW). On June 23, 1992, I issued an opinion holding that the Casa Trust was a fraudulent conveyance as to the *Duttle* plaintiffs, and that therefore they should be permitted to execute their judgment on the Casa Trust assets. 82 Civ. 5058 (KMW), 1992 WL 162636. On July 10, 1992, I entered an Injunction and Order, compelling turnover of the Casa Trust assets and other Werner assets to a court-appointed receiver.

On August 14, 1992, the day before Werner was to come before the court on a contempt citation for failure to comply with the court's July 10, 1992 order, he filed a second bankruptcy petition. The *Duttle* plaintiffs promptly filed a motion to dismiss the second petition as a bad faith filing. A hearing on the motion was held on September 9, 1992. At the hearing, Werner and his counsel testified that there were "substantial differences" between Werner's second petition and his earlier petition, such that the second petition should be regarded as filed in good faith. Mayell Decl. Ex. B at 3. The most significant of these differences was that Werner had listed all of his assets on the schedules accompanying the petition, including the assets of the Casa Trust. *Id.* at 3–4. Werner's admission of ownership of the Casa Trust assets, coming after repeated evasions, led me to consider his second bankruptcy petition very seriously. *Id.* at 3, 103. Ultimately, however, I dismissed the petition as filed in bad faith, because of its timing and because there was no evidence that Werner had made an effort to alter his opulent lifestyle. Memorandum Opinion and Order dated September 25, 1992, 82 Civ. 5084 (KMW). I also indicated to Werner that unless he complied with the court's July 1992 order, I would

---

1. The facts in *Duttle* are more fully set forth in *Duttle v. Bandler & Kass,* 127 F.R.D. 46 (S.D.N.Y.1989), and in the court's Opinion and

Order of March 18, 1993, 82 Civ. 5084 (KMW), 147 F.R.D. 69.

impose contempt sanctions on him. Werner eventually turned over to the Receiver certain of his assets, including a 1990 Porsche automobile that had been listed in his bankruptcy petition and four pieces of art work belonging to the Casa Trust. Werner also appealed the dismissal of his second bankruptcy petition.

While the *Duttle* plaintiffs struggled to execute their judgment against Werner, and approximately at the time Werner filed his first bankruptcy petition, the government began to gain interest in pursuing a claim against Werner. Beginning in November of 1987, the government had assessed the Werners for unpaid federal income taxes, interest and penalties for the tax years 1976 through 1988. The government filed notices of federal tax liens reflecting those assessments on October 4, 1989 and May 30, 1990 with the Register of the City of New York, thus perfecting its tax liens. Zipkin Decl. ¶ 6. On October 1, 1992, the government moved for a preliminary injunction, requesting the court to enjoin the Receiver from liquidating or paying out any Werner assets until the court determined whether the government or the *Duttle* plaintiffs held a priority lien on the assets of the Casa Trust. Because any decision on the preliminary injunction could be mooted by a reversal of my dismissal of Werner's bankruptcy petition, I asked the parties to agree to preserve the status quo regarding the government's claim to the assets held by the Receiver, which would permit me to hold the government's motion in abeyance pending the Second Circuit's decision. The parties began to negotiate a stipulation to this effect, but before it was executed, the *Duttle* parties informed the court that they had reached a settlement. The government objected to the settlement, and filed a motion to intervene. I entered an order approving the settlement, and denying the government's motion to intervene, on March 18, 1993. Although the stipulation preserving the status quo with regard to the government's claims was never signed, the Receiver did not liquidate or distribute any assets in violation of the proposed stipulation.

On June 29, 1993, the government filed this independent action. In October of 1993, the parties filed the instant motions. On January 19, 1994, the court entered a stipulation and order reducing to judgment the government's tax assessments against the Werners in an amount of $7,097,075.44. However, disagreement remains as to whether the government may collect this amount by executing its liens against the Casa Trust and Receiver assets.[2]

### Analysis

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to win as a matter of law." Fed.R.Civ.P. 56(c); *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir.1991). In deciding a summary judgment motion, the court must resolve ambiguities and draw inferences against the moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142 (1970)). The moving party bears the initial burden of demonstrating that there exists no material issue of fact and that he or she is entitled to judgment as a matter of law. *See Brady v. Colchester*, 863 F.2d 205, 210 (2d Cir.1988). The movant may carry this burden by demonstrating the absence of evidence to support the non-movant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once this burden is met, a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith*

---

**2.** On July 28, 1993, pursuant to a stipulation, the Receiver transferred the Receiver assets to the government and the action was dismissed with prejudice as to the Receiver. At that time, the Receiver assets consisted of four pieces of art work formerly owned by the Casa Trust, and $13,000 in cash representing the proceeds of the sale of the Porsche. The government agreed not to sell or transfer the Receiver assets until the disposition of any motion to dismiss this action. On January 19, 1994, the government entered into a stipulation of settlement with Mercotrust, trustee of the Casa Trust, under which Mercotrust agreed not to transfer, dissipate or encumber any assets of the Casa Trust other than those to be transferred to the *Duttle* plaintiffs.

*Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Moreover, the nonmovant may not merely rest on the allegations contained in the pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

## I. Defendants' Motion For Summary Judgment

■ Defendants do not explicitly contest Werner's ownership of the Casa Trust and Receiver assets.[3] Rather, their motion for summary judgment is grounded on the claim that the government's attempt to foreclose its tax liens against the Casa Trust assets is barred by the statute of limitations of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.* (1993) ("the Act").[4] According to defendants, the Act bars any claim by the government to avoid a debtor's transfer of legal title to another unless an action is commenced within six years after the transfer is made, or within two years after the transfer reasonably could have been discovered. Because the Casa Trust was created in 1984, and because the government has known about it since January of 1985,[5] defendants argue, any attempt to reach the Casa Trust assets is barred by the Act's statute of limitations.

Defendants' contention is without merit. Although the Federal Debt Collection Act generally provides "the exclusive civil procedures for the United States to recover judgment on a debt," 28 U.S.C. § 3001(a), its exclusivity is explicitly subject to the following limitation:[6]

> To the extent that another Federal law specifies procedures for recovering on a

claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter.

*Id.* § 3001(b). Even more explicitly, § 3003(b) of the Act provides:

> This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law ... to collect taxes or to collect any other amount collectible in the same manner as a tax.

*See also* H.R.Rep. No. 101–736, 101st Cong., 2d Sess., *reprinted in* 1990 U.S.C.C.A.N. 6472, 6637 (section 3003(b) "makes clear ... that the United States retains its authority under other laws to collect taxes....").

Here, the government proceeds pursuant to the Internal Revenue Code ("the IRC"), 26 U.S.C. §§ 7401 and 7403. Complaint at ¶ 3. The government is therefore bound by the statute of limitations contained in the IRC, which provides that an action to collect taxes must be commenced within ten years after assessment of the tax. 26 U.S.C. § 6502(a)(1) (1990).[7] The earliest tax assessment against the Werners for the liabilities at issue here was made on November 23, 1977. Zipkin Decl. at ¶ 7. Thus the limitations period for this action does not expire until November 23, 1997, and the government's complaint is not time-barred. *United States v. Carney*, 796 F.Supp. 700 (E.D.N.Y. 1992); *see also United States v. Bushlow*, 832 F.Supp. 574, 581 (E.D.N.Y.1993). Defendants' motion for summary judgment, or alternatively to dismiss the government's complaint, must be denied.

---

3. See *infra* at 289–290.

4. I note that defendants do not specifically argue that the government is not entitled to reach the Receiver assets. I assume here that defendants intend their statute of limitations argument to apply to the Receiver assets as well, to the extent that the Receiver assets consist of assets formerly belonging to the Casa Trust.

5. In the March 18, 1993 Opinion and Order denying the Government's motion to intervene in the *Duttle* action, I expressly found that the Government "knew about the Casa Trust since January 1985." *Duttle*, 147 F.R.D. at 76.

6. The full text of § 3001(a) reads: *"Except as provided in subsection (b),* the subsection provides the exclusive civil procedures for the United States (1) to recover a judgment on a debt; or (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such a claim." (Emphasis added).

7. Section 6502(a) provides:
Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun ... (1) within 10 years after the assessment of the tax....

## II. The Government's Motion for Summary Judgment

■ The government advances two arguments in support of its motion for summary judgment: First, the government argues that defendants have submitted no evidence sufficient to raise an issue of material fact as to Werner's ownership of the Casa Trust and Receiver assets, and that the court must therefore find as a matter of law that the government's tax liens apply to those assets. Second, the government argues that Werner may not now deny his ownership of the Casa Trust and Receiver assets, because he took the position that he owns those assets in his bankruptcy petition and in a prior proceeding before this court. The court agrees that defendants have failed to raise an issue of material fact as to Werner's ownership of the Casa Trust and Receiver assets, and therefore that the government is entitled to judgment as a matter of law.

As the government points out, defendants not only offer no evidence that would tend to disprove the government's assertion that Werner is the owner of the Casa Trust and Receiver assets—defendants nowhere unequivocally deny the government's claim. Defendants do point out that the *Duttle* action did not determine whether the Casa Trust assets were fraudulently concealed as to the government. Defs.' Reply Mem. at 12. This claim is correct, but it does not amount to a denial of ownership of the Casa Trust assets and does not as such place their ownership in dispute. Defendants also state that there are "substantial questions" surrounding Werner's ownership of the Casa Trust assets, *id.*, but even if this ambiguous assertion is treated as a denial, such a conclusory statement, by itself, is insufficient to create a genuine dispute of material fact as to Werner's ownership of the assets in question, especially where Werner has previously made sworn statements to the contrary. *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572–73 (2d Cir.1991) (it is well settled that a party may not create an issue of material fact to defeat a summary judgment motion by submitting an affidavit disputing his own prior sworn testimony); *see also Mack v. United States*, 814 F.2d 120, 124 (2d Cir.1987) (party may not create issue of material fact by submitting affidavit contradicting prior deposition testimony); *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985) (same).

Here, Werner filed a second bankruptcy petition the day before he was to become subject to contempt sanctions for his failure to comply with a court order. Werner and his counsel insisted that the second petition was filed in good faith in spite of its timing, in large part because Werner had honestly listed all of his assets. Listed in Werner's bankruptcy petition as his personal property were, *inter alia*, the Casa Trust, which was said to include "[b]onds, [j]ewelry, life [i]nsurance & [r]eal [e]state [n]otes and [a]rt" valued at $1.7 million, and a 1990 Porsche 928 automobile, with a value of $25,000. Mayell Decl. Ex. A. Moreover, both Werner and his counsel stated at the hearing on the *Duttle* plaintiffs' motion that Werner "list[ed] all of the assets as he knows them to exist in the [Casa Trust]," Mayell Decl. Ex. B at 4, that he "had" the $1.8 million listed in the petition, which included the assets of the Casa Trust, *id.* at 38, that he "was sitting there with a Liechenstein [sic] trust," *id.* at 47, and that "whatever assets are in [the] Casa Trust are the sum total of whatever he was accumulating," *id.* at 120–21. Defendants do not dispute the government's contention that Werner stated under oath that he owned the Casa Trust assets and that he had "come clean" about the assets he owned.[8] Govt.'s Local 3(g) statement at ¶ 4. In light of this record, defendants' conclusory assertions that there are "substantial questions" about Werner's dominion and control over the Casa Trust assets are insufficient to create a genuine dispute of material fact as to his ownership of the assets in question.

This argument is unpersuasive. Under Rules 1007(b)(1) and 1008 of the Federal Rules of Bankruptcy Procedure, a bankruptcy petition must include a verified schedule listing the assets of the debtor. Neither the Rules nor the Bankruptcy Code permit a debtor to claim that he

---

8. Defendants argue that Werner's admission of ownership of the Casa Trust assets in his bankruptcy petition should be deemed qualified because he placed an asterisk next to the value of the Casa Trust, stating that it was "in dispute, currently under appeal." Mayell Aff. Ex. A at 2.

Under the IRC, 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to such property, whether real or personal, belonging to such person." Therefore, if Werner is the owner of the Casa Trust and the Receiver assets, those assets are subject to the government's tax liens. Because defendants have advanced no evidence sufficient to create a genuine dispute as to the ownership of the Casa Trust and the Receiver assets, there are no factual issues to be tried in this lawsuit. The government is entitled as a matter of law to a ruling that the Casa Trust and Receiver assets are subject to its tax liens, and it may foreclose its liens on those assets.

### Conclusion

For the reasons set forth above, defendants' motion for summary judgment or, alternatively, to dismiss, is hereby denied. The government's motion for summary judgment is hereby granted.

SO ORDERED.

both owns and does not own the listed assets. Furthermore, that a debtor's assets are subject to litigation does not vitiate his ownership of those assets.