**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**PARKER HOUSE SAUSAGE COMPANY,**
an Illinois Corporation, Defendant-Appellant.

No. 16035.

United States Court of Appeals
Sixth Circuit.

May 10, 1965.

George E. Lee, Detroit, Mich., for appellant.

Lawrence B. Silver, Atty., Dept. of Justice, Washington, D. C., for appellee, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., on the brief. Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., of counsel.

Before WEICK, Chief Judge, and MILLER and EDWARDS, Circuit Judges.

PER CURIAM.

On July 1, 1953, the defendant, Parker House Sausage Co., Novak Sales & Service, Inc., and Leo and Kathryn Novak entered into a contract under which the defendant purchased from Novak Sales & Service, Inc. and Leo and Kathryn Novak certain real estate described in the agreement, subject to certain liens outstanding against it.

The consideration for the purchase was a cash payment of $5,717.68 and the defendant's promise to assume and pay said outstanding liens against the property, including liens in the principal amount of $5,523.39 filed by the United States for past due and unpaid withholding taxes for the years 1951 and 1952. The real estate was conveyed to the defendant, which made the cash payment and also a payment of $16,478.84 in satisfaction of a first mortgage lien against the property. For reasons unnecessary to review here, the defendant did not pay the tax liens of the Government. In a suit filed by Leo and Kathryn Novak in the Circuit Court of Wayne County, Michigan, against Parker House Sausage Company the Court held that there was a binding obligation upon Parker House to pay the taxes plus interest and penalties to the United States, and directed Parker House to do so.

The United States filed this action in the United States District Court against the taxpayer, Novak Sales & Service, Inc., and the defendant, Parker House Sausage Company, setting out the foregoing facts and praying that the Court determine that the Parker House Sausage Company was indebted to it in said principal amount of $5,523.39 plus interest, and that it have judgment for said liability.

The defendant pleaded the Michigan Statute of Limitations of six years, which, if applicable, was a bar to the prosecution of the action. The District Judge ruled that it was not applicable and entered judgment for the United States from which this appeal was taken.

The United States acquired the right which it sought to enforce by this action as the third party beneficiary of the contract of July 1, 1953, between the taxpayer and the Parker House Sausage Co., Section 26.1231, Michigan Statutes Annotated Comp. Laws 1948, § 691.541. Defendant contends that therefore this action does not seek to enforce a tax liability against it (it not being the taxpayer), but is a civil action for damages by reason of defendant's alleged breach of contract and, as such, is subject to the State Statute of Limitations.

We are of the opinion that this contention is unsound and that the District Judge was correct in his ruling. The United States is not barred in an action brought to enforce its claim by a state statute of limitations. United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283; Davis v. Corona Coal Co., 265 U.S. 219, 222, 44 S.Ct. 552, 68 L.Ed. 987; Engel v. United States, 258 F.2d 50, 53, C.A.6th; United States v. Frank B. Killian Company, 269 F.2d 491, 494, C.A.6th.

The judgment is affirmed.