UNITED STATES of America, Plaintiff,

v.

Edward Dean CHRISTENSEN, et al., Defendants.

Civ. No. 86–C–1041–S.

United States District Court,
D. Utah, C.D.

Oct. 4, 1990.

Dee V. Benson, U.S. Atty., Salt Lake City, Utah, Kirk C. Lusty, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Mark A. Besendorfer, Midvale, Utah, for defendants.

## MEMORANDUM DECISION

SAM, District Judge.

The above-entitled matter came before the court for trial on April 20, 1990. The court, having considered the evidence presented at trial, the pre-trial and post-trial briefs submitted by the parties, and being fully advised in this matter, enters the following decision containing the court's factual findings and legal conclusions.

### FACTS

This is a civil action by the United States to reduce to judgment the federal tax assessments against Edward Dean Christensen, to set aside the conveyance of two parcels of real property from defendant Edward Dean Christensen to defendants Farrell H. Christensen, Cheryl Lynn Christensen, Steven Wayne Christensen and Linda Ann (Christensen) Silver, and to foreclose the federal tax liens against the interest of Edward Dean Christensen in those parcels of real property. The first parcel of real property is located at 387 North 300 East, Richfield, Utah. On that parcel of real property is located a house. Edward Dean Christensen has resided in that house for 20 years. That parcel of real property is sometimes referred to herein as "the Residence." The second parcel of real property is approximately 40 acres in size and is used for farming. That parcel of real property is sometimes referred to herein as "the Farm."

Edward Dean Christensen is the brother of defendant Farrell H. Christensen and the uncle of defendants Steven Wayne Christensen, Cheryl Lynn Christensen and Linda Ann (Christensen) Silver. Edward Dean Christensen is not married and has no children.

Edward Dean Christensen failed to file a federal income tax return for the year 1972, 1973, 1974, 1975, 1976 and 1977.

On January 18, 1978, Edward Dean Christensen was convicted in the United States District Court for the Eastern District of Washington on three counts of willful failure to file federal tax returns for the years 1972, 1973 and 1974.

On November 22, 1982, the United States Tax Court entered a decision determining Edward Dean Christensen's federal tax liabilities for the years 1972, 1973, 1974, 1975, 1976 and 1977 to be as follows:

| TAX PERIOD | TAX AND PENALTIES |
|---|---|
| 1972 | $13,486.69 |
| | 6,743.35 [3] |
| 1973 | $22,024.63 |
| | 11,012.31 [3] |
| 1974 | $16,629.20 |
| | 8,314.60 |
| 1975 | $22,178.98 |
| | 5,544.75 [1] |
| | 1,108.95 [2] |
| 1976 | 14,603.41 |
| | 3,650.85 [1] |
| | 730.17 [2] |
| 1977 | 427.00 |
| | 106.75 [1] |
| | 21.35 [2] |

On June 29, 1948, Louise Christensen, (Edward Dean Christensen's mother) conveyed the Residence to Edward Dean Christensen by Warranty Deed. The legal description of that property is:

Commencing at the northeast corner of Lot 4, Block 7, Plat "D", Richfield City Survey, and running thence South 214.5 feet; thence West 214.5 feet; thence North 214.5 feet; thence East 214.5 feet to the place of beginning, containing approximately 1.05 acres, situated in the Southwest quarter of the Northeast quarter of Section 25, Township 23 South, Range 3 West of the Salt Lake Base and Meridian.

On May 10, 1957, Edward Dean Christensen recorded a Warranty Deed with the

---

**1.** 26 U.S.C., § 6651(a) penalty.

**2.** 26 U.S.C., § 6653(a) penalty.

**3.** 26 U.S.C., § 6653(b) penalty.

Sevier County, Utah Recorder conveying the Residence to Edward Dean Christensen and Clair M. Christensen as joint tenants. On November 6, 1968, Clair M. Christensen and Patricia M. Christensen recorded a Warranty Deed conveying their interest in the Residence to Edward Dean Christensen.

On January 7, 1975, Edward Dean Christensen recorded a Quit Claim Deed with the Sevier County Recorder conveying his interest in the Residence to Edward Dean Christensen, Trustee. On that same date, Edward Dean Christensen also recorded a document entitled "Declaration of Trust" ("Declaration (A)").

Declaration (A) named as beneficiaries of the trust Clair M. Christensen (Edward Dean Christensen's brother), Merle C. Mortensen (Edward Dean Christensen's aunt) and Una E. Christensen (Edward Dean Christensen's sister). Declaration (A) provided that Edward Dean Christensen retained "the power and the right at anytime during [his] lifetime to amend or revoke in whole or in part the trust ... without the necessity of obtaining the consent of any beneficiary and without giving notice to any beneficiary."

Declaration (A) also reserved the right to Edward Dean Christensen to (a) place a mortgage or other lien upon the property, and (b) "to collect any rental or other income which may accrue from the trust property and, in [his] sole discretion as trustee, either to accumulate such income as an addition to the trust being held hereunder or pay such income to [himself] as an individual."

By Warranty deed recorded with the Sevier County Recorder on September 5, 1979, Edward Dean Christensen, Trustee, conveyed the Residence to Eagle Trust.

By Warranty Deed dated April 15, 1981 and signed by Edward Dean Christensen, Trustee, Eagle Trust conveyed the Residence to Steven Wayne Christensen and Linda Ann Christensen. That deed was not recorded until December 14, 1981. The deed also directed that the real property tax notices be sent to Edward Dean Christensen.

At the time the Residence was conveyed to Steven Wayne Christensen and Linda Ann Christensen, both of them were minors. Both were informed by their father, Clair Christensen, that the Residence was being given to them on the understanding that Edward Dean Christensen could continue to reside at the Residence for as long as he desired.

Defendants Steven Wayne Christensen and Linda Ann (Christensen) Silver did not pay defendant Edward Dean Christensen any sum in exchange for the transfer to them of the Residence.

From January 7, 1975 until the present, Edward Dean Christensen has resided at the Residence.

Edward Dean Christensen has never paid any rent to his niece and nephew for his occupation of the Residence. The niece and nephew have never undertaken any act which could be termed inconsistent with Edward Dean Christensen's ownership of the Residence.

On June 4, 1974, Edward Dean Christensen and Clair M. Christensen, as purchasers under a Uniform Real Estate Contract, filed a Notice of Contract listing the Farm with the Sevier County Recorder. The legal description of the Farm is:

The Northwest Quarter of the Northwest Quarter of Section 16, Township 23 South, Range 2 West, Salt Lake Meridian, containing 40 acres. Together with all and singular tenements, hereditament and appurtenances belonging or in any wise appertaining thereto.

By Warranty Deed recorded with the Sevier County Recorder on January 7, 1975, Edward Dean Christensen transferred his interest in the Farm to himself as Trustee. On that same date a Declaration of Trust ("Declaration (B)") was recorded with the Sevier County Recorder by Edward Dean Christensen listing the Farm. The beneficiaries of that trust were Don C. Christensen (Edward Dean Christensen's brother) and Una Christensen (Edward Dean Christensen's sister). Declaration (B) had identical terms to Declaration (A). Thereafter, by Quit Claim Deed signed on

February 28, 1975, but not recorded with the Sevier County Recorder until September 6, 1977, Clair M. Christensen quitclaimed his interest in the Farm to Edward Dean Christensen as trustee.

By Warranty Deed recorded with the Sevier County Recorder on September 5, 1979, Edward Dean Christensen, Trustee, conveyed the Farm to Eagle Trust.

By Warranty Deed signed April 15, 1981, but not recorded with the Sevier County Recorder until December 14, 1981, Eagle Trust conveyed the Farm to Farrell Christensen and Cheryl Lynn Christensen. The deed was signed by Edward Dean Christensen, Trustee. The deed directed that the real property tax notices be sent to Edward Dean Christensen.

Defendants Farrell Christensen and Cheryl Lynn Christensen did not pay Edward Dean Christensen any sum in exchange for the transfer to them of the Farm. Farrell Christensen is the brother and Cheryl Lynn Christensen the niece of Edward Dean Christensen.

From January 7, 1975 until the present, Edward Dean Christensen has had the use of the Farm, including the receipt of rental payments for the use of the Farm.

Edward Dean Christensen has never paid any rent to his brother or niece in connection with his use of the Farm. Farrell Christensen and Cheryl Lynn Christensen have never taken any action which could be termed inconsistent with Edward Dean Christensen's ownership of the Farm.

## DISCUSSION

Tax Lien

■ Section 6321 of the Internal Revenue Code of 1986 (26 U.S.C.) provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Accordingly, if, as here, after assessment, notice and demand for payment, a taxpayer fails or refuses to pay outstanding federal taxes, a lien attaches to all property and rights to property belonging to him or her. *Glass City Bank v. United States,* 326 U.S. 265, 267–268, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945).

"The statutory language 'all property and rights to property', appearing in § 6321 * * * is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. National Bank of Commerce,* 472 U.S. 713, 719–720, 105 S.Ct. 2919, 2923–2924, 86 L.Ed.2d 565 (1985). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City Bank,* 326 U.S. at 267, 66 S.Ct. at 110.

■ The tax lien, created automatically upon the assessment of the tax, continues until the tax liability is satisfied or the lien becomes unenforceable by reason of lapse of time. 26 U.S.C., § 6322.

■ A court proceeding to obtain a judgment for unpaid tax assessments must be instituted within six years after assessment, or prior to the expiration of any period for collection agreed upon in writing by the taxpayer and the Internal Revenue Service. 26 U.S.C., Sec. 6502(a). The earliest assessment in the present case was made against Edward Dean Christensen on March 21, 1983. Accordingly, this action was timely filed for all taxable periods in suit. Utah Code Ann, § 78–12–26(3) provides that an action to set aside a fraudulent conveyance is barred if not brought within three years of the transfer. There is no question that this action was not brought within that period of time. However, case law is overwhelming in support of the proposition that the United States is not bound by a state statute of limitations unless Congress so provides. Congress has remained silent. *See United States v. Decker,* 241 F.Supp. 283 (D.Az.1965) (specifically ruling that the Utah statute of limitations does not bind the United States). It is clear, therefore, that the present ac-

tion is not barred by the Utah statute of limitations.

As a result of the judgment previously entered against Edward Dean Christensen as a sanction for his failure to comply with the United States' discovery, the United States is entitled to judgment in the amount of $165,103.75, plus statutory additions and interest according to law.

Fraudulent Conveyance

The relevant statutory provision defining a fraudulent conveyance is found in Utah Code Ann., § 25-6-5 (1989). That section provides in relevant part:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) with actual intent to hinder, delay or defraud any creditor of the debtor;

.    .    .    .    .

(2) To determine "actual intent" under Subsection (1)(a), consideration may be given, among other factors, to whether:

(a) the transfer or obligation was to an insider;

(b) the debtor retained possession or control of the property transferred after the transfer;

(c) the transfer or obligation was disclosed or concealed;

(d) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(e) the transfer was of substantially all the debtor's assets;

(f) the debtor absconded;

(g) the debtor removed or concealed assets;

(h) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(j) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(k) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

■ Equity will act to set aside conveyances of land if they were fraudulently made to defeat the collection of taxes. *United States v. Phillips,* 59 F.Supp. 1006, 1008 (S.D.Ga.1945).

In interpreting and applying the law of fraudulent conveyances, the Utah Supreme Court in *Dahnken, Inc. of Salt Lake City v. Wilmarth,* 726 P.2d 420, 423 (Utah 1986), stated that "[a]lthough actual fraudulent intent must be shown to hold a conveyance fraudulent ... its existence may be inferred from the presence of certain indicia of fraud or badges of fraud."

The courts have considered the following to be among the badges of fraud:

1. insolvency of the grantor;
2. inadequate consideration;
3. the transfer of all of the debtor's property;
4. the transfer was made in anticipation of a suit or liabilities;
5. a close relationship between the transferor and transferee;
6. the conveyance was not made in ordinary course of business;
7. failure to record the conveyance;
8. the retention of possession by the transferor;
9. the reservation of an interest or benefit by the grantor;
10. the security given by the transferor is in excess of the debt;
11. secrecy or haste in the transfer;
12. the state taxes or real property taxes are paid by transferor.

*See generally, Dahnken, supra; Givan v. Lambeth,* 351 P.2d 959, 962 (Utah, 1960); and *United States v. Jones,* 631 F.Supp. 57, 59–60 (W.D.Mo.1986).

■ With respect to the federal income taxes which accrued or were assessed prior to and following the conveyances of the

Residence and Farm, the intent of the defendant Edward Dean Christensen to defraud the United States (as both an existing and subsequent creditor) was established at trial through the proof of many of the badges of fraud. The badges of fraud which characterized the transfers at issue here are:

First, all of the conveyances in question were made for no consideration whatsoever.

Second, the government's evidence at trial demonstrated that Edward Dean Christensen had been convicted of willful failure to file federal income tax returns on January 18, 1978. The conveyances at issue soon followed. It can be concluded that an attempt to place the Residence and the Farm beyond the reach of the United States was the major motivation for those conveyances.

Third, the conveyances were made by Edward Dean Christensen to near relatives, his brother, nieces and nephew, on December 14, 1981, and had the effect of rendering Edward Dean Christensen insolvent or unable to pay his existing debts.

Fourth, the fact that Edward Dean Christensen has continued to live in the Residence and use the Farm also evidenced his fraudulent intent in conveying the subject property to his nieces and nephew.

Fifth, the transfers preceding the transfers to Edward Dean Christensen's relatives demonstrate a pattern of transferring property to hinder collection of Edward Dean Christensen's federal tax liabilities. The transfers to the trusts were made simply to interpose a buffer between the United States and Edward Dean Christensen.

Lastly, Edward Dean Christensen failed, at trial, to articulate credible reasons for making the conveyances in the manner in which he did. The claim that Edward Dean Christensen transferred the property to his brother, nieces and nephew in lieu of making a will or for estate planning purposes does not, in view of the circumstances surrounding the conveyances, convince the court that this was anything other than an attempt to hinder, delay and defraud his creditors, including the United States. The court specifically finds that the conveyances in question are fraudulent under Utah Code Ann., § 25–6–5 (1989).

Section 7403 of the Internal Revenue Code of 1986 (26 U.S.C.) provides in pertinent part that:

(c) *Adjudication and Decree.*—The Court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the interest of the parties and of the United States.

. . . .

## CONCLUSIONS

Having considered the evidence and testimony of record, the court finds that the United States is the holder of federal tax liens in the total amount of $165,103.75, plus statutory additions to tax according to law.

The conveyances of the above-described parcels of real property by Edward Dean Christensen are fraudulent within the meaning of Utah Code Ann., § 25–6–5 (1989), and are hereby set aside.

The federal tax liens of the United States attach to the property owned by Edward Dean Christensen, which specifically include the above-described parcels of real property.

Accordingly, the United States of America is granted judgment against Edward Dean Christensen in the amount of $165,103.75, plus additions and interest according to law.

The United States is granted judgment foreclosing its federal tax liens on the parcels of real property described above.

The United States is authorized to sell the parcels of real property which are the subject of this action and described herein at a Marshal's sale, with the proceeds to be paid as follows:

First, the costs of this action, including the costs of this sale;

Second, the United States, to the extent of its federal tax liens plus any statutory additions to tax; and

Third, the remainder, if any, to be paid to Edward Dean Christensen.