UNITED STATES of America, Plaintiff,

v.

Harry C. JONES, Janet E. Jones, and
Atco Savings & Loan Association,
Defendants.

Civil Action No. 92–1563 (SSB).

United States District Court,
New Jersey.

Feb. 7, 1995.

Harry C. Jones, Sr., Atco, New Jersey, Pro se.

Louis J. Bizzarri, Asst. U.S. Atty., Camden, New Jersey, and Charles M. Flesch, Richard Gilman, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Plaintiff.

## OPINION

BROTMAN, District Judge:

Presently before the court are defendant Harry C. Jones' three motions to dismiss. For the reasons set forth below, defendant's motions are granted in part and denied in part.

### I. Factual and Procedural Background

On April 6, 1992, the United States filed a complaint in this court seeking to recover a judgment on certain federal tax assessments made against the defendant Harry C. Jones ("Jones"), to set aside a transfer of certain property by Jones to defendant Janet E. Jones ("Janet Jones") as a fraudulent conveyance, and an adjudication that Janet Jones pay the United States one-half the imputed rental income of the conveyed property which payment is to be credited to reduce the tax liability of defendant Jones.

On July 16, 1992, Janet Jones answered this complaint by a letter wherein she denied that the conveyance of the real property was fraudulent. Additionally, Mrs. Jones alleged that Mr. Jones transferred to her the title to the subject property on June 9, 1983 in order to increase her security. Mrs. Jones, however, never raised the statute of limitations as a defense in her answer. Defendant Jones did not answer the complaint until March 4, 1994. In his answer, Jones never raised the statute of limitations as a defense.

After obtaining leave from this court to file an amended complaint, the United States ("United States" or the "government"), on April 25, 1994, filed its amended complaint which basically added a third count seeking foreclosure and sale of the subject real property to satisfy any judgment entered by the court. Mr. and Mrs. Jones answered the amended complaint separately. Their answers were filed before this court granted the government leave to amend its complaint. Neither the answer of Mrs. Jones nor the answer of Mr. Jones plead the statute of limitations as a defense. Mr. Jones filed a supplemental answer to the amended complaint on May 17, 1994 in which he also failed to raise the statute of limitations defense.

On June 15, 1994, defendant Jones filed three separate motions to dismiss the government's complaint on the following grounds: (1) the applicable statute of limitations had expired before the government commenced its suit; and (2) the amended complaint is vague and fails to state a claim upon which relief can be granted. The government opposes defendant's motions and requests that they be denied for the following reasons: (1) the motions were untimely because pursuant to court order, dispositive motions were required to be filed by June 1, 1994; (2) pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, defendant waived the statute of limitations defense by failing to raise it as an affirmative defense in his answer to the complaint; (3) the government's complaint is not vague and complies with Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure; and (4) the applicable statute of limitations period for the government to file its complaint had not expired.

### II. Discussion

■ The defendant in this matter appears pro se and, as a result, the court will afford defendant greater leniency than a litigant represented by an attorney. The pleadings submitted by a pro se litigant may be held to a less stringent standard. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, in this matter, the court will not waste time assessing whether or not defendant's failure to timely file his dispositive motions or his failure to raise the statute of limitations as an affirmative defense should preclude the court's consideration of his motions to dismiss. Be-

cause the majority of defendant's contentions fail on the merits, without wasting time on procedural bases for denial of defendant's motions, the court proceeds to address the substantive issues presented.

## A. Vagueness of the Complaint

In his Motion to Dismiss for Failure to State a Cause of Action, defendant requests that the court dismiss the government's complaint for vagueness because the complaint fails to state the statutory provisions and regulations pursuant to which defendant is being sued and thus fails to notify defendant of the exact nature of the actions brought against him. The government asserts that its pleadings are sufficient to satisfy Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure and to withstand a motion to dismiss.

▆▆▆ Rule 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 9(b) provides that all averments of fraud must be pleaded with particularity. The federal rules are based on notice pleading rather than fact pleading. *Universe Tankships, Inc. v. United States,* 528 F.2d 73, 75 (3d Cir.1975).

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. .... Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more pre-

cisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The court must deny a motion to dismiss for failure to state a claim for relief "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. at 102; *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994).

▆▆▆ The government's complaint and amended complaint sufficiently fulfill the requirements of the federal rules. In Count I, the government successfully set forth that it seeks to recover a tax assessment based on income taxes that defendant failed to pay in 1982. Contrary to defendant's contention that the government failed to specify the particular taxes it seeks to recover, the government repeatedly plead that the basis for its claim in Count I is defendant's unpaid income taxes for 1982. Defendant's argument that the government's complaint is vague for failure to plead the particular statutory provisions underlying each count is also without merit.[1] All that the rules require is a short and plain statement of the claim. The amended complaint complies with the federal rules by providing defendant with sufficient notice of the grounds upon which the government based its claim.

In Count II, the government seeks relief from a fraudulent conveyance allegedly made by defendant Jones to Mrs. Jones on June 9, 1983. The amended complaint identifies the circumstances constituting the fraudulent nature of the transfer. Such circumstances are plead with sufficient particularity so as to enable the defendant to formulate an ade-

---

1. Defendant erroneously relies on Due Process cases which conclude that a criminal defendant who could not reasonably understand that his conduct is prohibited by a law that is vague should not be held criminally liable for his conduct. The situation presented by the instant case is quite distinguishable. The rule of law relied upon by the defendant applies to the language of the statute and whether or not it is sufficient to put reasonable persons on notice that their contemplated conduct is prohibited by law. In the present matter, defendant's basis for his motion to dismiss is not that the language of the statutes

pursuant to which the government brought suit is vague, but that the government did not set forth in their complaint the exact numerical statutory provision under which defendant was being sued and the particular tax being sought. The basis for defendant's motion is inappropriate because the government's complaint fully complies with the Federal Rules of Civil Procedure. Furthermore, defendant's motion is untimely because the parties have concluded discovery and the content of defendant's brief demonstrates that he is aware of the statutory provisions upon which the government's complaint is based.

quate response. Defendant's contention that failure to plead a statutory provision pursuant to which the government seeks relief is without merit. The defendant fails to provide any authority which would place upon the plaintiff the burden of pleading the statutory provisions pursuant to which suit is brought.[2] The court concludes that Count II of the amended complaint complies with the federal pleading rules.

In Count III, the government alleges that the grounds stated in Count I give rise to a tax lien which it seeks to foreclose on the subject real property. Basically, Count III seeks an additional form of relief for the claim alleged in Count I. Since the court determined that Count I should not be dismissed for failure to state a claim, the same conclusion is warranted for Count III.

A review of the parties' briefs, the complaint and the amended complaint necessitates the conclusion that the government's pleadings comply with Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. Furthermore, the court must deny the present motion to dismiss for failure to state a claim for relief because it does not appear beyond doubt that the government can prove no set of facts in support of its claim. *Conley*, 355 U.S. at 47–48, 78 S.Ct. at 102–03; *ALA, Inc.*, 29 F.3d at 859.

## B. Statute of Limitations

### 1. Count I—Tax Assessments

In his Motion to Dismiss Count I as Beyond the Statute of Limitations, defendant Jones seeks to have the government's first count against him dismissed because it is beyond the statute of limitations period and thus fails to state a claim upon which relief may be granted. Jones claims that a six year limitations period should run from the dates listed on certain letters sent to him by the government, dated June 9, 1983 and June 14, 1984, addressing his tax status. Jones claims that if such dates are used, the six year limitations period would have run prior to the amendment of the statute which extended the limitations period to ten years. However, the government, in its brief and its amended complaint, pleads that tax assessments in the present matter were made on April 12, 1983 and October 21, 1985 (see Amended Complaint, ¶ 10) and that, as a result, this action was commenced within the statutory period.

■ The Third Circuit Court of Appeals has determined that the statute of limitations defense may be raised in a motion to dismiss for failure to state a claim upon which relief can be granted, "but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978) (quoting *Hanna v. United States Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975)); *accord Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir.1994); *Davis v. Grusemeyer*, 996 F.2d 617, 622 (3d Cir.1993). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel*, 570 F.2d at 1174. As is required by this rule, the court will accept as true the representations made by the government in the amended complaint as to the timing of the tax assessments.

Pursuant to 26 U.S.C. § 6501(a), the government must make a tax assessment within three years after a tax return is filed. Mr. Jones filed his return on or about February or March of 1983. According to the amended complaint, the government made timely tax assessments on April 12, 1983 and October 21, 1985. *See* Amended Complaint, ¶ 10.

■ Prior to 1990, 26 U.S.C. § 6502(a) provided that, absent any agreement to the contrary, collection on a timely tax assessment had to be initiated within six years of the date of assessment. In 1990, Congress amended 26 U.S.C. § 6502(a) and extended the statute of limitations period to ten years. Revenue Reconciliation Act of 1990, Pub.L. No. 101–508, § 11317, 104 Stat. 1388–458 (1990). The ten year statute of limitations period was to apply to taxes assessed after November 5, 1990 and to tax assessments for which the collection period had not expired

---

**2.** See footnote 1, *supra.*

as of November 5, 1990. § 11317(c), 104 Stat. 1388–458. As of November 5, 1990, the collection period for the tax assessment made on April 12, 1983 would have run. Thus, the government is precluded from proceeding on the $500 assessment made on April 12, 1983 because the collection action was brought after the limitations period had expired. However, on November 5, 1990, the government could have still commenced a collection action pursuant to the assessments dated October 21, 1985. Accordingly, the period for commencing a collection action on the October 21, 1985 assessments was extended to ten years pursuant to the 1990 amendment to § 6502(a). Thus, the government's institution of this action for purposes of collecting on the October 21, 1985 assessments was timely. In conclusion, the defendant's Motion to Dismiss Count I as Beyond the Statute of Limitations is granted to the extent Count I is based on the April 12, 1983 assessment, and denied to the extent Count I is based on the October 21, 1985 assessments.

## 2. Counts II & III—Fraudulent Conveyance & Foreclosure

In his Motion to Dismiss Counts II and III as Beyond the Statute of Limitations, defendant Jones seeks to have the government's second and third counts against him dismissed as being beyond the statute of limitations period and thus failing to state a claim upon which relief may be granted. Jones asserts that a six year statute of limitations should apply to both counts. Defendant argues that because the alleged fraudulent conveyance took place on June 9, 1983, the New Jersey statute of limitations and/or the statute of limitations provided by 26 U.S.C. § 6502(a) to bring Counts II and III expired on June 9, 1989.[3] Since plaintiff's complaint was not brought until April 6, 1992, defendant contends that Counts II and III of plaintiff's complaint should be dismissed.

■ The government's claim in Count II is based on the New Jersey Fraudulent Conveyance Act. Regardless of the statute of limitations provided by state law, the government's claim is timely. It has been firmly established that the United States is not bound by a statute of limitations period established by state law when enforcing its rights. *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *United States v. Mazzara,* 530 F.Supp. 1380, 1384 (D.N.J.1982), *aff'd,* 722 F.2d 733, 736 (3d Cir.1983); *United States v. Christensen,* 751 F.Supp. 1532, 1535 (D.Utah 1990). As a result, the government is not bound by the state statute of limitations in bringing Count II, and the court construes such action as being timely filed.

As for Count III and defendant's argument that this claim is untimely, the court notes that Count III merely seeks an alternative remedy for claims brought in Count I. Consequently, the court's discussion with regard to Count I is controlling on the resolution of defendant's arguments with regard to Count III. In sum, then, Count III is timely in so far as it is based on tax assessments made on October 21, 1985, and void in so far as it is based on the April 12, 1983 tax assessment.

## III. Conclusion

For the reasons set forth above, defendant's motions to dismiss are disposed of as follows:

(1) Defendant's Motion to Dismiss for Failure to State a Cause of Action is denied;

(2) Defendant's Motion to Dismiss Count I as Beyond the Statute of Limitations is granted to the extent the government's claim is based on the April 12, 1983 tax assessment and denied to the extent it is based on the October 21, 1985 tax assessments; and

(3) Defendant's Motion to Dismiss Counts II and III as Beyond the Statute of Limitations is denied with regard to Count II, and with regard to Count III the motion is granted to the extent the government's claim is based on the April 12, 1983 tax

---

**3.** The defendant's brief on this motion is somewhat unclear. Without specifying which statute applies to which count, the defendant basically suggests that a six year statute of limitations applies to Counts II and III, whether the court applies the New Jersey fraudulent conveyance statute or the tax code.

assessment and denied to the extent it is based on the October 21, 1985 tax assessments.[4]

An appropriate order will be entered.

---

**4.** Janet Jones did not file a motion to dismiss in this matter. To the extent that defendant Jones intended his motions to apply to Janet Jones, the resolution reached by the court would not change.