**UNITED STATES of America**

v.

**George B. BANTAU.**

**No. 4:94–CV–662–E.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Sept. 26, 1995.

Ralph Franklin Shilling, Jr., U.S. Department of Energy, Tax Division, Dallas, TX, for U.S.

Cary Lyndon Jennings, Broude Nelson & Harrington, Fort Worth, TX, for George B. Bantau.

## ORDER

MAHON, District Judge.

Now before the Court is the motion of Defendant George B. Bantau to dismiss the complaint of Plaintiff United States of America for failure to state a claim upon which relief can be granted. After considering the motion, the pleadings, and the applicable law, the Court makes the following determination.

## I. FACTS

The United States commenced this action against Bantau seeking to hold him liable for the federal corporate income tax liabilities of Baco International, Inc. ("Baco") in the amount of $938,642.00, plus penalties and interest. The complaint alleges that Bantau has transferee liability as a matter of law because he assumed said liability by contract or, alternatively, that he has transferee liability under a transferee in equity theory. A summary of the facts as set out in the complaint are as follows.

Bantau was president and a corporate director of Baco. In 1985, the Internal Revenue Service ("IRS") conducted an examination of Baco's income tax returns and found deficiencies for the years ending March 31, 1980 through 1983. After the IRS informed Bantau of these deficiencies, he executed Articles of Dissolution of Baco on June 28, 1985. The Articles of Dissolution stated in pertinent part that "All debts, obligations and liabilities of the corporation have been paid, discharged, or adequate provision has been made therefor." These Articles were filed with the Texas Secretary of State on October 15, 1985. After the "dissolution" of Baco, Bantau, as President of Baco, continued corresponding with the IRS about the tax deficiencies. On June 14, 1986, the IRS mailed a statutory notice of deficiency to Baco. On September 15, 1986, Baco filed a petition in the U.S. Tax Court, signed by "George B. Bantau, President," to dispute and contest the adjustments made by the IRS in the notice of deficiency.

On July 1, 1985, all of the assets of Baco were purchased by Baco Acquisition Corporation ("BAC"). As part of the transaction, Bantau agreed to work for BAC as Chief Executive Officer for a period of five years. Operation of the business continued in this manner until December 6, 1986 when the owners of BAC sold to Bantau (1) all of the inventory, equipment, cash and accounts receivable in Baco, (2) all shares of stock of BAC and (3) all assets of BAC. As part of the sale, Bantau agreed to assume all of the corporate liabilities of Baco.

On November 17, 1987, an agreed stipulation decision document was entered by the U.S. Tax Court in which Baco agreed to deficiencies totaling $938,642. This document was signed on behalf of Baco by "George B. Bantau, President." Notices of federal tax liens regarding Baco were filed by the IRS with the Tarrant County Clerk on June 29, 1988 and with the Texas Secretary of State on July 20, 1988. This action was filed in this Court on September 30, 1994.

Bantau filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) asserting that the United States has failed to state a claim upon which relief may be granted. The United

States filed a response to which Bantau replied.

## II.  *DISCUSSION*

### A.  *Dismissal Under 12(b)(6)*

▮ Fed.R.Civ.P. 12(b)(6) provides for dismissal "for failure of the pleading to state a claim upon which relief can be granted." In evaluating a motion to dismiss under Rule 12(b)(6), the Court must construe the plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations contained therein as true.  *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288 (5th Cir.1977). A motion to dismiss should only be granted when the plaintiff could not prove any set of facts, under any reasonable reading of the complaint, which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).  Generally, a motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards Inc.,* 677 F.2d 1045, 1051 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). *See also,* Wright & Miller, Federal Practice and Procedure § 1357.

### B.  *Defendants' Motion to Dismiss in the Present Case*

▮ As grounds for his motion to dismiss, Bantau contends that the allegations made by the government in the complaint establish that the government's transferee claims are barred by the six-year statute of limitations contained in the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 *et seq.*; that the claims made under Texas law are now extinguished by virtue of the claim extinguishment provisions of the Texas Uniform Fraudulent Transfer Act and the Texas Business Corporation Act;  and that the claims are barred under the doctrine of laches.  The defenses of limitations or laches may be asserted by a motion to dismiss for failure to state a claim if the complaint shows affirmatively that the claims are barred. *Herron v. Herron,* 255 F.2d 589, 593 (5th Cir.1958).

### 1.  *Federal Debt Collection Procedure Act.*

Bantau contends that the government's complaint is barred by application of the six-year statute of limitation found in the Federal Debt Collection Procedure Act ("FDCPA") rather than application of the ten-year statute of limitations found in the Internal Revenue Code ("IRC").  Initially, this Court must determine whether the FDCPA applies to this action.

Congress enacted the FDCPA, 28 U.S.C. §§ 3001–3308, intending to create "a comprehensive statutory framework for the collection of debts owed to the United States government."  See H.R.Rep. No. 101–736, 101st Cong., 2d Sess. at 23 (1990).  While the FDCPA is generally the exclusive civil procedure for the United States to recover judgment on a debt, 28 U.S.C. § 3001(a)(1), the Act provides the following limitations.

> To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter.

28 U.S.C. § 3001(b).

And, Section 3003(b) provides:

> This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law ... to collect taxes or to collect any other amount collectible in the same manner as a tax.

28 U.S.C. § 3003(b).

▮ In the instant case, the government seeks a judgment against Bantau to hold him liable for the federal corporate income tax liabilities of Baco.  Inasmuch as this is a suit for the collection of taxes, the statute of limitations found in the FDCPA is not applicable.  The government attempts to collect pursuant to the Internal Revenue Code and is therefore bound by the ten-year statute of limitations found in the IRC at 26 U.S.C. § 6502(a)(1). *See United States v. Werner,* 857 F.Supp. 286 (S.D.N.Y.1994).

## 2. *Extinguishment of State Law Claims.*

■ Bantau next contends that the government's claims of transferee liability in equity are barred by the extinguishment provisions found in the Texas laws upon which the government relies. The government asserts that Bantau has transferee liability in equity pursuant to the Texas Uniform Fraudulent Transfer Act and based upon the trust fund theory of liability. As an alleged transferee, the existence and extent of Bantau's liability must be determined by applicable Texas law. *See United States v. Fernon,* 640 F.2d 609, 611 (5th Cir.1981), citing *Commissioner v. Stern,* 357 U.S. 39, 45, 78 S.Ct. 1047, 1051, 2 L.Ed.2d 1126 (1958).

The Texas Uniform Fraudulent Transfer Act, codified at Tex.Bus. and Com.Code, § 24.001 *et seq.,* contains a provision that extinguishes all causes of action which are not brought in a timely manner:

> (a) ... [A] cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:
>
> (2) under Section 24.005(a)(2) or 24.006(a) of this code, within four years after the transfer was made or the obligation was incurred; or
>
> (3) under Section 24.006(b) of this code, within one year after the transfer was made.

Tex.Bus. & Comm.Code Ann. § 24.010(a) (Vernon Supp.1994).

Likewise, Article 7.12 of the Texas Business Corporation Act mandates that an action pursuant to the "trust fund theory" be commenced within three years of dissolution of the company.

■ It is well settled, however, that the United States is not bound by state statutes of limitations. *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Fernon,* 640 F.2d 609, 612 (5th Cir.1981). The United States, when entitled to a claim, "cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *Summerlin,* 310 U.S. at 417, 60 S.Ct. at 1020. By whatever term the statute is known, if it "undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, because not filed within" a specified time period, then the United States is not bound. *Summerlin,* 310 U.S. at 417, 60 S.Ct. at 1021. *See also, Stoecklin v. United States,* 858 F.Supp. 167, 168 (M.D.Fla.1994) (Fifth Circuit does not distinguish between common law actions and action under the Uniform Fraudulent Transfer Act when interpreting *Summerlin* ). Therefore, the United States may bring an action pursuant to state law without reference to state law limitation periods.

## 3. *Laches*

■ Bantau's final contention is that this claim is barred under the doctrine of laches. Inasmuch as this Court has determined that the FDCPA does not apply to this action, the laches provision therein is also not applicable. Moreover, the United States is not generally subject to the defense of laches in enforcing its rights. *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), *United States v. Fernon,* 640 F.2d 609, 612 (5th Cir.1981).

### III. *CONCLUSION*

Based on the foregoing, the Court ORDERS that Bantau's motion to dismiss for failure to state a claim is DENIED.