UNITED STATES of America, Plaintiff,

v.

Charles A. CODY, et al., Defendants.

No. IP 94–1918–C H/G.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Feb. 13, 1997.

Kevin P. Jenkins, U.S. Dept. of Justice, Tax Div. Washington, DC, for Plaintiff.

Eric N. Allen, Allen & Brand, Greenfield, IN, for Charles Cody.

Fred Scott, Indianapolis, IN, for Natalie Jill Cody.

William E. Vance, Vance & Phillips, Seymour, IN, for Judy K. Cody.

## ORDER ON DEFENDANT CHARLES CODY'S MOTION FOR SUMMARY JUDGMENT

HAMILTON, District Judge.

Defendant Charles A. Cody has moved for summary judgment on the government's claim to set aside as a fraudulent conveyance Cody's transfer of his home on March 1, 1984, to his daughter, who was then one year old. As the parties have framed the issue, if

the government's action to set aside the conveyance as fraudulent is governed by the federal statute of limitations in 26 U.S.C. § 6502(a)(1), then it is timely. If the action is governed by the now-repealed statute of limitations in Ind.Code § 32–2–1–14 (1979), then the action is untimely and defendants would be entitled to summary judgment on the fraudulent conveyance issue.

Federal case law in favor of the government on this question is "overwhelming." *United States v. Christensen*, 751 F.Supp. 1532, 1535 (D.Utah 1990), *appeal dismissed,* 961 F.2d 221 (10th Cir.1992) (Table). Federal courts have repeatedly held that federal law, not state law, controls the time within which the government must bring suit to set aside an allegedly fraudulent conveyance in the course of efforts to collect federal taxes. See *United States v. Bacon*, 82 F.3d 822, 825 (9th Cir.1996); *Karras v. Karras*, 16 F.3d 245, 246–47 (8th Cir.1994); *United States v. Wurdemann*, 663 F.2d 50, 51 (8th Cir.1981); *United States v. Fernon*, 640 F.2d 609, 612 (5th Cir.1981); *United States v. Parker House Sausage Co.*, 344 F.2d 787, 788 (6th Cir.1965); *United States v. Werner*, 857 F.Supp. 286, 289 (S.D.N.Y.1994); *United States v. Carney*, 796 F.Supp. 700, 703–04 (E.D.N.Y.1992); *United States v. Gleneagles Inv. Co.*, 565 F.Supp. 556, 583 (M.D.Pa.1983), *aff'd in part and rev'd in part on other grounds, United States v. Tabor Court Realty Corp.*, 803 F.2d 1288 (3d Cir.1986); see generally *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940) (government generally not bound by state statutes of limitation).

Weighed against this authority is the lonely district court decision in *United States v. Vellalos*, 780 F.Supp. 705, 707 (D.Haw.1992). That court distinguished *United States v. Summerlin* on the theory that that case applied only to common law causes of action, and not to statutory causes of action including actions to set aside fraudulent conveyances. In *Vellalos,* the government's appeal was dismissed for lack of jurisdiction, see 990 F.2d 1265 (9th Cir.1993) (Table, text in Westlaw, No. 92–15491), and no other case has followed *Vellalos* on this point, see *Stoecklin v. United States*, 858 F.Supp. 167, 168

(M.D.Fla.1994) (declining to follow *Vellalos* ), In fact, the Ninth Circuit expressly repudiated *Vellalos* just last year. See *United States v. Bacon*, 82 F.3d at 824.

In light of the overwhelming weight of persuasive authority on this point and the lack of any compelling reason to rule otherwise, defendant Charles A. Cody's motion for summary judgment on the government's fraudulent conveyance claim is hereby DENIED.

So ordered.