**UNITED STATES of America,**
**Plaintiff,**

v.

**Janet M. NEMECEK, et al., Defendant.**

**No. 1:98 CV 0962.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 20, 1999.

Annette G. Butler, Office of U.S. Atty., Cleveland, OH, S. Robert Lyons, Dept. of Justice, Tax Div., Washington, DC, for U.S.

J. Timothy Bender, Jeffrey S. Broome, Roetzel & Andress, Cleveland, OH, for Janet M. Nemecek.

Judy Fimiani, Euclid, OH, pro se.

Nancy Nemecek, Van Nuys, CA, pro se.

Jack Nemecek, Jr., Cleveland, OH, pro se.

Jill Nemecek Humbert, Euclid, OH, pro se.

Amy Nemecek, Painesville, OH, pro se.

Bruce W. Bennett, Law Offices of William J. Urban, Warren, OH, for Independence Bank.

Marcia J. Macon, Office of Atty. Gen., Columbus, OH, for State of Ohio Taxation Dept.

Jeffrey S. Broome, Roetzel & Andress, Cleveland, OH, for Jack Nemecek, Sr.

Jack Nemecek, Sr., Euclid, OH, pro se.

## MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANT JANET M. NEMECK'S MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN

WELLS, District Judge.

This case is before the Court on the motion of the defendant Janet M. Nemecek to dismiss as untimely Counts Five, Six, and Seven of the amended complaint. The Court referred this matter to United States Magistrate Judge David S. Perelman for a report and recommended decision. Magistrate Judge Perelman filed his report and recommended decision on 27 July 1999, recommending that the Court deny the motion to dismiss.

The time for filing objections to the Magistrate Judge's report and recommendation has expired, and none of the parties has objected. Therefore, it must be assumed that all the parties are satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Accordingly, the Magistrate Judge's report and recommendation is adopted, and the motion to dismiss Counts Five, Six, and Seven is denied.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

Currently pending is the motion of defendant Janet Nemecek, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Count 1 (Claim to Set Aside Fraudulent Conveyance) of the complaint against her as having been untimely filed.[1]

Defendants Jack Nemecek, Sr. and Janet Nemecek, were joint owners of a residence located at 21031 Edgecliff Drive, Euclid, Ohio. Mr. Nemecek was the president of American National Bank and Mrs. Nemecek worked at the family's title and escrow company, until such time as it was revealed that the Nemeceks used the bank and title company to embezzle money. In June of 1986 Mr. Nemecek was fired and the bank's funds were frozen. At that same time, Mr. Nemecek transferred to his wife his ownership interest in the Edgecliff Drive residence.

The Nemeceks were indicted in November of 1988 for embezzlement and bank related charges. In January of 1989 a superceding indictment added income tax evasion charges. Pursuant to a plea of guilty entered in May of 1989 Mr. Nemecek was convicted and sentenced to five years incarceration. Mrs. Nemecek was found guilty by a jury of most counts in the superceding indictment, including income tax evasion, and given a suspended sentence with three years probation.

On October 15, 1990 the Internal Revenue Service (hereinafter "IRS") assessed against the Nemeceks income taxes for the 1986 tax year in the amount of $30,075.

A little over a year later, on November 29, 1991, the transfer at issue in these proceedings was put in motion by Janet Nemecek, who executed a mortgage on the Edgecliff Drive residence to her five children, Judy Nemecek Fimiani. Nancy Nemecek, Jack Nemecek, Jr., Jill Nemecek Humbert and Amy Nemecek. That mortgage was said to have secured a promissory note of that same date in which Jack Nemecek, Sr. and Janet Nemecek would repay to their children $250,000 plus interest at an annual rate of 8%, broken down as follows: $83,330 to Judy; $83,300 to Nancy; $20,830 to Jack, Jr.; $25,000 to Jill, and $37,500 to Amy, which amounts were alleged to represent each child's estimated past contribution to the family finances, as well as their anticipated future contributions, in light of their parents' unemployment.

In January of 1992 the IRS filed a federal tax lien upon the 1986 taxes owed by Janet Nemecek. In August of the following year the IRS assessed against Mr. and Mrs. Nemecek taxes, penalties and interest for the tax years 1983, 1984 and 1985, all of which totaled more than $18.5 million. Several months later a federal tax lien was filed based upon taxes owed for those years.

In the presently operative amended complaint[2] filed on April 16, 1999 the United States seeks: (1) to reduce to judgment the tax assessments against Jack and Janet Nemecek; (2) a determination that the lien for the 1986 taxes (which were assessed prior to the date the mortgage on the Edgecliff Drive residence was executed to the Nemecek's five children) is superior to the mortgage lien of the children; (3) a determination that the lien for the 1983, 1984 and 1985 taxes is superior to the mortgage lien of the children in light of the fraudulent nature of the transfer of mortgage; (4) a determination that the children hold the mortgage as nominees of one or both of their parents; and (5) a determination of the amount of the mortgage lien and an order of foreclosure of

---

1. On the same date as the instant motion was filed, the United States also filed an amended complaint with nine counts, three of which (Counts Five, Six and Seven) were claims to set aside fraudulent conveyances which superceded Count One of the original complaint. This Court will consider the defendant's motion as being directed to those counts, inasmuch as they are reflective of the claim to set aside fraudulent conveyances in Count One of the original complaint.

2. The original complaint was filed on April 23, 1998.

the property, with distribution in accordance with the rights of the parties.

In her motion to dismiss defendant Janet Nemecek argues that Ohio's Uniform Fraudulent Transfer Act (UFTA), Ohio Revised Code §§ 1336 et seq., is applicable in the present case as it became effective on September 28, 1990, prior to the November 29, 1991 execution of the mortgage by Janet Nemecek to her children which forms the basis of the claims for fraudulent conveyances herein, and that under that provision the instant action would be barred as it was filed more than four years after the alleged fraudulent transfer.[3]

Ohio's UFTA, which superceded the Ohio Uniform Fraudulent Conveyances Act (UFCA), includes a provision which precludes a cause of action for fraudulent conveyance if that action is not initiated in a timely manner.  O.R.C. § 1336.09.[4] Specifically, that provision states:

A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code is extinguished unless an action is brought in accordance with one of the following:

(A) If the transfer or obligation is fraudulent under division (A)(1) of section 1336.04 of the Revised Code, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant;

(B) If the transfer or obligation is fraudulent under division (A)(2) of section 1336.04 or division (A) of section 1336.05 of the Revised Code, within four years after the transfer was made or the obligation was incurred;

(C) If the transfer or obligation is fraudulent under division (B) of section 1336.05 of the Revised Code, within one year after the transfer was made or the obligation was incurred.

■ The United States asserts that the federal government cannot be bound by a state limitations period, so that the instant action could not be deemed to be barred as untimely under the UFTA.[5]

The question before Your Honor is whether that four year provision applies to preclude actions initiated by the federal government to enforce tax liens through attack on an allegedly fraudulent conveyance of real property.  For each of the following reasons, this Court finds that question to be answered in the negative, as have other courts.

In a case directly on point with this case, the United States District Court for the

---

3. In light of the fact that the parties do not address the issue of what limitations period would apply if this Court rejects defendant's argument in support of dismissal, that question will not be addressed in this opinion. This Court notes, however, that unless convinced otherwise it would be inclined to apply, as have other courts, the 10 year period set forth in 26 U.S.C. § 6502 for filing court actions to collect assessed tax liabilities. Such an action would need to be filed within 10 years after assessment of the tax. *United States v. Zuhone,* 76 A.F.T.R.2d 95–7120 (C.D.Ill.1995); *Flake v. United States,* 1995 WL 735740, *4, No. 93–0306 (D.Ariz. Sept. 29, 1995).

4. The UFCA time for initiating claims was characterized as a statute of limitations, not as an element of the cause of action. There is no disagreement between the parties as to the applicability of the UFTA, as opposed to the UFCA.

5. The United States also contends that Janet Nemecek, as transferor of the mortgage interest alleged to have been involved in a fraudulent transfer, lacks standing to contest the fraudulent transfer claims because only the transferees (her children) can be affected by those claims.  Despite having sought dismissal for lack of standing, the United States recognized the probability that the transferees would request (and be granted) leave to assert the claims raised in the motion to dismiss and, therefore, addressed the merits of the arguments raised by Janet Nemecek while reserving the right to raise the question of standing at some later point.  In light of that approach, there is no need to address the issue of standing at this stage in the proceedings.

Central District of Illinois held that absent an express congressional directive subjecting the federal government to a state limitations period, only a federal limitations period would apply, even in states which have adopted the UFTA. *United States v. Zuhone,* 76 A.F.T.R.2d 95–7120 (C.D.Ill. 1995), citing *United States v. Bantau,* 907 F.Supp. 988, 991 (N.D.Tex.1995)("the United States may bring an action pursuant to [the Texas UFTA] without reference to state law limitation periods"); *Stoecklin v. United States,* 858 F.Supp. 167, 168 (M.D.Fla.1994) (federal, and not state, limitations period applies under Florida's UFTA); *United States v. Romano,* 757 F.Supp. 1331, 1339 n. 5 (M.D.Fla.1989), *affirmed,* 918 F.2d 182 (11th Cir.1990) (federal government's action to foreclose pursuant to Florida's UFTA is subject to federal, and not state, limitations period); *Flake v. United States,* 1995 WL 735740, *3 (D.Ariz. Sept. 29, 1995) ("When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement. If the statute, as sustained by the state court, undertakes to invalidate the claim of the United States so that it cannot be enforced at all, because not filed within eight months, we think the statute in that sense transgressed the limits of state power."); *United States v. Christensen,* 751 F.Supp. 1532, 1535–36 (D.Utah 1990), *appeal dismissed,* 961 F.2d 221 (10th Cir.1992) (United States claim was not barred by the Utah UFTA limitations period).

The cases which have so held have rejected the notion of a distinction between a state statute of limitations which could operate to bar an untimely fraudulent conveyance claim, and a state statute with an extinguishment provision which could operate to preclude a cause of action for fraudulent conveyance which is not brought in a timely manner. The analysis employed is the same as that found in cases in which the claims are brought pursuant to fraudulent conveyance act claims where there are issues as to timeliness under state statutes of limitations.

■ It is a well-settled proposition that the United States is not bound by state statutes of limitations, *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), except where it has expressly bound itself to such limitations period. It follows that *"By whatever term the statute is known,* if it 'undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, because not filed within' a specified time period, then the United States is not bound."* (Emphasis added.) *United States v. Bantau, supra* at 991, citing *United States v. Summerlin, supra.*

Federal case law in favor of the government on this question is "overwhelming." *United States v. Christensen,* 751 F.Supp. 1532, 1535 (D.Utah 1990), *appeal dismissed,* 961 F.2d 221 (10th Cir. 1992) (Table). Federal courts have repeatedly held that federal law, not state law, controls the time within which the government must bring suit to set aside an allegedly fraudulent conveyance in the course of efforts to collect federal taxes. See *United States v. Bacon,* 82 F.3d 822, 825 (9th Cir.1996); *Karras v. Karras,* 16 F.3d 245, 246–47 (8th Cir. 1994); *United States v. Wurdemann,* 663 F.2d 50, 51 (8th Cir.1981); *United States v. Fernon,* 640 F.2d 609, 612 (5th Cir.1981); *United States v. Parker House Sausage Co.,* 344 F.2d 787, 788 (6th Cir.1965); *United States v. Werner,* 857 F.Supp. 286, 289 (S.D.N.Y.1994); *United States v. Carney,* 796 F.Supp. 700, 703–04 (E.D.N.Y.1992); *United States v. Gleneagles Inv. Co.,* 565 F.Supp. 556, 583 (M.D.Pa.1983), *aff'd in part and rev'd in part on other grounds, United States v. Tabor Court Realty Corp.,* 803 F.2d 1288 (3d Cir.1986); see generally *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940) (government generally

not bound by state statute of limitations).

*United States v. Cody,* 961 F.Supp. 220, 221 (S.D.Ind.1997). Accord, *United States v. Labine,* 73 F.Supp.2d 853, 99–1 U.S. Tax Cas. (CCH) P50 (N.D.Ohio1999), citing *United States v. National Bank of Commerce,* 472 U.S. 713, 722–23, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). *United States v. Fernon, supra; United States v. Isaac,* 968 F.2d 1216, 1992 WL 159795 (6th Cir.1992); and *United States v. Goldstein,* 1993 WL 388702 (N.D.Ohio.1993). It has been consistently held by the United States Supreme Court that although state law would control as to the nature and extent of property rights in applying a federal revenue provision, federal law would determine the consequences of those rights. *United States v. National Bank of Commerce, supra* at 722–23, 105 S.Ct. 2919; *Aquilino v. United States,* 363 U.S. 509, 513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960).

Defendant's argument in support of dismissal parallels that made in *United States v. Vellalos,* 780 F.Supp. 705 (D.Haw.1992), which has been described by one court as "the lonely district court decision" standing in the face of "overwhelming weight of persuasive authority." *United States v. Cody, supra* at 221. The government's appeal of that decision was dismissed for lack of appellate jurisdiction, as the district court had failed to rule on one of the government's claims. *U.S. v. Vellalos,* 990 F.2d 1265 (9th Cir.1993)(Table). In fact the Ninth Circuit Court of Appeals has subsequently referred to the UFTA's extinguishment provision as "a dressed-up statute of limitations" in reaching its decision that the provision could not be retroactively applied. *United States v. Bacon,* 82 F.3d 822, 824 n. 2 (9th Cir.1996).

*Vellalos* has also been rejected in an *en banc* decision of the United States Tax Court in *Bresson v. Commissioner,* 1998 WL 485464, 111 T.C. 172 (Aug. 19, 1998), which held:

We do not read *Summerlin* as requiring a distinction between a statute of limitations and a limitations period that is an element of a cause of action, and we hold that no such distinction is relevant in this case. The Supreme Court in *Summerlin* did not recognize the Florida limitations period as a statute of limitations, and there is no language in that case limiting its holding to such statutes.... The persuasive case law supports our holding.

1998 WL 485464, 111 T.C. at 187. That court was of the opinion that to hold otherwise would compromise "The preservation and protection of public rights, revenues, and property from the negligence of public officers [which would deteriorate] when exceptions are made for time limitations that have the same purpose as statutes of limitations but in a different form." *Ibid.*

Defendant's reliance on *United States v. Hartford Accident and Indemnity, Co.,* 460 F.2d 17 (9th Cir.1972), *cert. denied,* 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972), is similarly misplaced. In that case the court held that an action by the United States for recovery from an insurer for the medical expenses of an insured had to be brought within the state limitation period as a "condition precedent" to a claim. *Id.* at 19. In so holding, the court ignored language in *Summerlin* which specifically stated that the federal government was not to be bound by state statutes which specified the amount of time in which an action could be initiated, even statutes which extinguished a cause of action if not brought within a specific time period, leading one court to refer to the *Hartford* opinion as "precedentially unsound." *FSLIC v. Landry,* 701 F.Supp. 570, 573 (E.D.La.1988), cited with approval in *Bresson v. Commissioner,* 1998 WL 485464, 111 T.C. at 188.

■ This Court joins the other jurisdictions which have rejected the *Vellalos* decision and agrees with the numerous courts which have held that state statutes delineating the amount of time in which an action may be brought, even those with extinguishment provisions, may not be applied to preclude the federal government

from litigating claims for fraudulent transfer.

Applying all the foregoing to the present case, this Court is of the opinion that the four year limitations period of the Ohio UFTA does not bar Counts Five, Six and Seven of the amended complaint and, therefore, recommends that Your Honor deny the defendant's motion to dismiss those counts.[6]

### OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters,* 638 F.2d 947 (6th Cir.1981). *See, also, Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986).

July 27, 1999.

6. Your Honor's Order of Reference provided that it was for "the limited purposes of (1) resolution of the parties discovery dispute regarding which the plaintiff has filed a motion to compel; (2) determination of additional non-dispositive motions pending during the referral; and (3) preparation of a report and recommended decision on defendant Janet M. Nemecek's motion to dismiss." The motion to compel has been resolved and no other non-dispositive motions were filed. Therefore, with the submission of this Report and Recommendation the Order of Reference has been satisfied and this Court has directed that, as a matter of docket control, the Order of Reference be closed.