**Kenneth A. STOECKLIN,**
**Plaintiff/Counterdefendant,**

v.

**UNITED STATES of America,**
**Defendant/Counterclaimant,**

v.

**Helen R. STOECKLIN and K. Wayne**
**Stoecklin, Counterdefendants.**

**No. 89–182–CIV–OC–16.**

United States District Court,
M.D. Florida,
Ocala Division.

April 22, 1994.

Kenneth A. Stoecklin, pro se.

Ralph Lee, U.S. Atty., Jacksonville, FL, Robert J. Higgins, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant U.S.

K. Wayne Stoecklin, pro se.

Helen R. Stoecklin, pro se.

## ORDER

JOHN H. MOORE, II, Chief Judge.

This cause is before the Court on Counterdefendant Kenneth A. Stoecklin's Motion to Dismiss filed March 8, 1994 (Doc. # 168) and Amended Motion to Dismiss filed March 11, 1994 (Doc. # 170). The United States filed Responses and Opposition thereto on March 21 and March 22, 1994. By Order of this Court dated February 18, 1994, the Court permitted the United States to amend its Answer to join K. Wayne Stoecklin and Helen Stoecklin in this action and to assert a Counterclaim to set aside a fraudulent conveyance, to foreclose on federal tax liens, and for judgment on unpaid federal income taxes. The United States contends in its Counterclaim that Kenneth Stoecklin fraudulently transferred an interest in real property subject to Internal Revenue Service tax liens [1] to Helen Stoecklin and K. Wayne Stoecklin in violation of §§ 726.101 *et seq.,* Florida Statutes, Florida's codification of the Uniform Fraudulent Transfer Act (UFTA).

Kenneth Stoecklin now moves the Court to dismiss the United States' Counterclaim on what the United States characterizes as "spurious" and meritless grounds (Resp. and Opp'n to Mot. to Dismiss ¶ 3). The Court agrees. The only meritorious ground Stoecklin can assert for dismissal is the running of the applicable statute of limitations based upon *United States v. Vellalos,* 780 F.Supp. 705 (D.Haw.1992), *aff'd,* 990 F.2d 1265 (9th Cir.1993) (United States' action to

---

**1.** *See Stoecklin v. Commissioner,* 865 F.2d 1221   (11th Cir.1989).

foreclose on properties pursuant to Hawaii's codification of the Uniform Fraudulent Transfer Act is subject to state statute of limitation's period provided in the Act) (distinguishing *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) (United States is not bound by state statutes of limitation)); *But see United States v. Fernon*, 640 F.2d 609 (5th Cir.1981).[2] In holding that Hawaii's codification of UFTA is subject to a state statute of limitation, the *Vellalos* court reasoned that "[T]here is an important distinction between cases involving the government's common law right to collect on a debt and cases involving a carefully delineated state statutory right." 780 F.Supp. at 707. Accordingly, *Vellalos* found that a state statutory cause of action that expresses a clear intent to extinguish the cause of action after a certain time period is not bound by the Supreme Court's holding in *Summerlin* that a common law debt collection action by the United States is not subject to a state statute of limitations. *Id.* at 707–08.

In reaching its decision, the *Vellalos* court criticized the Fifth Circuit's holding in *United States v. Fernon*, 640 F.2d 609 (5th Cir. 1981), as "an overly mechanical application of the dicta in *Summerlin* without serious consideration of the significant implications such a rule has for state sovereignty." 780 F.Supp. at 708 n. 3. In an action under Florida's fraudulent conveyance statute prior to the codification of the UFTA, the *Fernon* court held that the United States is not bound by state statutes of limitation whether it brings "suit in its own courts or in a state court." 640 F.2d at 612 (citing *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940)). *Fernon* adopted the Supreme Court's reasoning in *Summerlin* that the United States "cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement" of a claim that it has the right to assert. 640 F.2d at 612 (citation omitted). Accordingly, unlike *Vellalos*, *Fernon* does not distinguish between a statutory and a common law right when interpreting *Summerlin*.

Eleventh Circuit decisions since *Fernon* have similarly declined to distinguish between the application of *Summerlin* to common law actions and actions under the UFTA. *See United States v. Moore*, 968 F.2d 1099, 1100 (11th Cir.1992) (Small Business Administration's action to set aside fraudulent conveyance subject to federal not state statute of limitations); *United States v. Romano*, 757 F.Supp. 1331, 1339 n. 5 (M.D.Fla.1989), *aff'd*, 918 F.2d 182 (11th Cir. 1990) (government's action to foreclose pursuant to UFTA in Florida is subject to federal time constraints and not state statutes of limitation). Accordingly, the Court finds that *Vellalos* is not dispositive of this action because the applicable law in this circuit provides that the federal government's right to bring an action to set aside a fraudulent conveyance is subject to federal rather than state statutes of limitation. Accordingly, the Court finds that the motions to dismiss should be denied.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Counter-defendant Kenneth A. Stoecklin's Motion to Dismiss filed March 8, 1994 (Doc. # 168) and Amended Motion to Dismiss filed March 11, 1994 (Doc. # 170) are hereby **DENIED.**

2. That Counter-defendant's Request for Hearing filed March 21, 1994 (Doc. # 173) is hereby **DENIED AS MOOT.**

**DONE AND ORDERED.**

---

**2.** Decisions of the Fifth Circuit prior to October 1, 1981, are controlling authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).