[No. 33183-3-I.   Division One.   December 30, 1994.]

ROBERT MCMASTER, *Appellant*, v. CHARLES W. FARMER, *Respondent*.

*Kenneth Pickard, Margaret Dore*, and *Lanz & Danielson*, for appellant.

*Ted Zylstra, Zylstra Beeksma & Waller*, and *G. Tim Martin*, for respondent.

BECKER, J. — Robert McMaster appeals the dismissal of his complaint under the Uniform Fraudulent Transfer Act (UFTA).[1] The trial court ruled that McMaster's claim was

---

[1]RCW 19.40.011 *et seq.*

barred by UFTA's extinguishment provision, notwith-standing his contention that he brought the action within 1 year of his discovery of the facts constituting fraud. We affirm.

## I

In the fall of 1988, Charles Farmer conveyed his interests in two pieces of real property in Island County to his two sons. The deeds were promptly recorded with the Island County Auditor. Farmer also filed excise tax affidavits with the Island County Treasurer certifying that the sale price was $4,000 for one parcel and $8,000 for the other. At the time of transfers, the assessed values of the properties were $5,174 and $13,248, respectively.

McMaster filed an action against Farmer on December 30, 1988. On September 19, 1990, the court entered judgment in favor of McMaster in the amount of $84,000. During a debtor's examination several months later, Farmer falsely testified that he had not transferred any property to anyone in the preceding 5 years.

Some time later, McMaster's attorney reviewed the county tax records and found the affidavits concerning the two real estate transfers. Suspecting that these transfers were fraudulent, McMaster filed a motion on February 5, 1992, for leave to depose one of Farmer's sons. At the deposition on March 10, 1992, the son testified that he and his brother actually paid their father little or no money for the two properties.

On March 1, 1993, McMaster brought a complaint under UFTA to set aside the transfers. The trial court granted Farmer's motion for summary judgment on the grounds that the action was time barred.

## II

In 1988, the Uniform Fraudulent Transfer Act replaced the Uniform Fraudulent Conveyance Act in Washington. Unlike its predecessor, UFTA contains an "extinguishment" provision. RCW 19.40.091 provides:

A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:

(a) Under RCW 19.40.041(a)(1), within four years after the transfer was made or the obligation was incurred or, if later, *within one year after the transfer or obligation was or could reasonably have been discovered* by the claimant;

(b) Under RCW 19.40.041(a)(2) or 19.40.051(a), within four years after the transfer was made or the obligation was incurred; or

(c) Under RCW 19.40.051(b), within one year after the transfer was made or the obligation was incurred.

(Italics ours.)

McMaster filed his complaint on March 1, 1993, more than 4 years after the 1988 transfers. Any claims subject to RCW 19.40.091(b) or (c) are therefore extinguished. The viability of McMaster's remaining claim turns on the application of the 1-year clause in RCW 19.40.091(a). Farmer contends that McMaster's claim is barred under this section because he did not sue within 1 year of his discovery of the *transfers*. McMaster argues that the 1-year clause contemplates the discovery of *all elements* of a cause of action under RCW 19.40.041(a)(1), including actual intent. McMaster contends that his claim falls within the 1-year grace period because he did not discover Farmer's fraudulent intent until the deposition on March 10, 1992.

Prior to the enactment of UFTA, fraudulent conveyance actions in Washington were governed by the 3-year statute of limitations for actions based on fraud. *See Aberdeen Fed. Sav. & Loan v. Hanson*, 58 Wn. App. 773, 794 P.2d 1322 (1990). Under this statute, a cause of action does not accrue "until the discovery by the aggrieved party of *the facts constituting the fraud*". (Italics ours.) RCW 4.16.080(4). Many other states required similar knowledge on the part of the claimant to commence the running of the statute of limitations in fraudulent conveyance actions. D.E. Evins, Annotation, *When Statute of Limitations or Laches Commences To Run Against Action To Set Aside Fraudulent Conveyance or Transfer in Fraud of Creditors*, 100 A.L.R.2d 1094 (1965).

McMaster contends that UFTA's extinguishment provision is essentially consistent with the discovery rule in prior law. In support of this contention, McMaster observes that the preamble to RCW 19.40.091 refers to "[a] cause of action with respect to a *fraudulent transfer*". (Italics ours.) Applying the rule of ejusdem generis,[2] he argues that the subsequent reference to discovery of "the transfer" must be read to mean "the *fraudulent* transfer". He concludes that the statute does not begin to run until the claimant discovers all elements of the cause of action based on a "fraudulent transfer".

■ ■ McMaster's construction of the extinguishment provision does not follow from the language of the act itself or from the supporting commentary. The drafters of the UFTA referred to the extinguishment provision as "new". The purpose of this provision was to "mitigate the uncertainty and diversity" that characterized decisions under prior law. Unif. Fraudulent Transfer Act § 9 cmts. (1), (2), 7A U.L.A. at 666 (1985). Given this expressed intention, we cannot conclude that the drafters of the 1-year clause carelessly used the plain word "transfer" when they actually meant "fraudulent nature of the transfer" or "proof of the elements of the cause of action".

One state, Arizona, rejected UFTA's extinguishment provision while enacting its other provisions. In Arizona, an action must be brought within "one year after the *fraudulent nature of the transfer* or obligation was or through the exercise of reasonable diligence could have been discovered[.]" (Italics ours.) Ariz. Rev. Stat. § 44-1009 (1990). Washington, however, adopted the extinguishment provision exactly as recommended by the drafters.

Applying the plain language of the statute, we hold that the 1-year limitations period provided in RCW 19.40.091(a) begins to run when "the transfer . . . was or could reasonably have been discovered". Knowledge of the fraudulent nature of the transfer is not required to initiate the running of the 1-year time limit.

---

[2] The statutory construction rule of ejusdem generis provides that "specific terms modify and restrict general terms where both are used in sequence." *State v. Young*, 63 Wn. App. 324, 331, 818 P.2d 1375 (1991).

Farmer argues that McMaster could reasonably have discovered the transfers when they were recorded in the fall of 1988. We need not decide whether recording of a real property interest is sufficient to confer constructive knowledge. In this case, McMaster had *actual* knowledge of the transfers on or before February 5, 1992, when he referred to them in his motion to depose Farmer's son. McMaster did not file suit to set aside the transfers until March 1, 1993. Because he did not bring his action within "four years after the transfer" or within "one year after the transfer . . . was . . . discovered", it was extinguished under RCW 19.40.091(a).

### III

McMaster next contends that the limitations period should be tolled in this case because Farmer concealed the facts constituting fraud: once when he filed false excise tax affidavits, and again when he failed to disclose the transfers in his debtor's examination. At common law, fraudulent concealment of a cause of action may toll the statute of limitations. *Stueckle v. Sceva Steel Bldg., Inc.*, 1 Wn. App. 391, 393, 461 P.2d 555 (1969), *review denied*, 77 Wn.2d 963 (1970); *Bernson v. Browning-Ferris Indus., Inc.*, 7 Cal. 4th 926, 873 P.2d 613, 615-16, 30 Cal. Rptr. 2d 440 (1994).

A cause of action under UFTA "is *extinguished* unless action is brought" within the prescribed time period. (Italics ours.) RCW 19.40.091. The purpose of this section is "to make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy." UFTA § 9 cmt. (1), 7A U.L.A. at 665-66; *United States v. Vellalos*, 780 F. Supp. 705 (D. Hawaii 1992). While an "ordinary" or "true" statute of limitations (one which merely bars the remedy) may be tolled, "a time bar falling into the category of a condition upon the right is a substantive element of the claim and cannot be tolled." *In re Estate of Speake*, 743 P.2d 648, 652 (Okla. 1987). Under an extinguishment provision of this nature, "The right falls with the failure to commence the action within the allotted time." *Morris v. Orcas Lime Co.*, 185 Wash. 126, 130, 53 P. 2d 604, *cert. denied*, 299 U.S. 559 (1936).

We hold that the equitable tolling doctrine does not apply to actions under UFTA because the extinguishment provision has displaced it.[3] The same statute that creates the right to set aside a fraudulent transfer also provides that this right does not exist following the passage of the prescribed time period. The statute exhibits a clear preference for finality and uniformity over the flexibility, and resultant unpredictability, that characterized prior decision-making in this area.

The order of dismissal is affirmed.

BAKER, A.C.J., and WEBSTER, J., concur.

Reconsideration denied February 1, 1995.

---

[3]UFTA provides: "Unless displaced by the provisions of this chapter, the principles of law and equity . . . supplement its provisions." RCW 19.40.902.