82 F.3d 822
 96 Cal. Daily Op. Serv. 2990, 96 Daily Journal
D.A.R. 4965
UNITED STATES of America, Plaintiff-Appellant,
v.
Christella BACON; Darlene C. Williams; Donald R. Boyles;
Pacific First Federal Savings Bank; Spokane
County Treasurer's Office, Defendants-Appellees.
 No. 94-36249.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Memorandum March 7, 1996.
Order and Opinion April 30, 1996.
 
 Gary R. Allen, William S. Estabrook, John A. Dudeck, Jr., Tax Division, United States Department of Justice, Washington, D.C., for plaintiff-appellant.
 Douglas M. O'Coyne, Sr., Spokane, Washington, for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington Wm. Fremming Nielsen, Chief District Judge, Presiding. No. CV-93-00052-WFN.
 Before: WRIGHT, HALL and TROTT, Circuit Judges.
 ORDER
 A timely request for the publication of the Memorandum disposition filed on March 7, 1996 is GRANTED. The Memorandum disposition filed on March 7, 1996 is redesignated as an authored opinion by Judge Wright.
 OPINION
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 This case concerns the applicable time limitation on an action by the federal government to set aside two alleged fraudulent conveyances of property. Upon de novo review, we reverse the judgment and remand.
 
 
 2
 The government argues that the court erred in concluding that the government was bound by the four-year extinguishment provision of Washington state's Uniform Fraudulent Transfer Act. Specifically, it contends that the Transfer Act may not be applied retroactively to the conveyances, which were made before the statute's effective date. Instead, says the government, the court should have applied the state's repealed Uniform Fraudulent Conveyance Act.[1]
 
 
 3
 The determination of which statute applies is relevant because the two statutes have different types of time limitations for bringing fraudulent conveyance actions. Actions under the Conveyance Act are governed by a general three-year statute of limitations for fraud claims. RCW 4.16.080; McMaster v. Farmer, 76 Wash.App. 464, 886 P.2d 240, 241 (1994). According to the rule of United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940), the federal government is not bound by such state statutes of limitations. See United States v. Fernon, 640 F.2d 609, 612 (5th Cir.1981) (government's action under Florida's fraudulent conveyance statute governed by federal statute of limitations for tax collection actions, not by state statute of limitations); United States v. Peterson, 93-1 USTC p 50,230, 1993 WL 151850 (W.D.Wash.1993) (United States as sovereign entity is not bound by statute of limitations governing actions under Washington's Conveyance Act), appeal dismissed, 19 F.3d 1442 (table) (9th Cir.1994).
 
 
 4
 The Transfer Act, on the other hand, introduces a claim extinguishment provision which abolishes the right to bring a fraudulent transfer action if the action is not brought within four years. RCW 19.40.091. This provision differs from a traditional statute of limitations because it places a substantive condition on the accrual of a fraudulent transfer action. McMaster, 886 P.2d at 242. Courts have disagreed over whether the federal government is subject to the provision. Compare United States v. Vellalos, 780 F.Supp. 705, 708 (D.Hawai'i 1992) (government bound by extinguishment provision of Hawaii's Transfer Act), aff'd on other grounds, 990 F.2d 1265 (table) (9th Cir.1993), with Stoecklin v. United States, 858 F.Supp. 167, 168 (M.D.Fla.1994) (government not bound by identical extinguishment provision of Florida's Transfer Act because of the rule of Summerlin ).[2] Here, the district court followed Vellalos and held that the government was subject to the provision, without considering the possible retroactive effect of the Transfer Act.
 
 
 5
 There is a traditional presumption against retroactive application of statutes. Landgraf v. USI Film Products, --- U.S. ----, ----, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994). Accordingly, statutes generally are not held to apply retroactively unless they expressly provide for such application. Retirement Systems v. Kralman, 73 Wash.App. 25, 867 P.2d 643, 648 (1994). To determine whether a statute is retroactive, or has a retroactive effect, courts consider whether the statute "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, --- U.S. at ----, 114 S.Ct. at 1505. Although statutes that affect substantive rights generally are considered to have a retroactive effect, see id. at ----, 114 S.Ct. at 1504, a remedial statute, which relates to practice, procedure or remedies and does not affect a substantive or vested right, often is deemed not to have a retroactive effect. Gem Trading Co. v. Cudahy Corp., 92 Wash.2d 956, 603 P.2d 828, 834 (1979) (en banc); see also Landgraf, --- U.S. at ----, 114 S.Ct. at 1502 ("Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity.").
 
 
 6
 With these principles in mind we turn to the Transfer Act's claim extinguishment provision. This provision is not merely remedial or procedural; it seeks to affect substantive rights. Its purpose is "to make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy." McMaster, 886 P.2d at 242 (quoting Unif. Fraudulent Transfer Act § 9, comment (1), 7A U.L.A. 665-66 (1984)). It imposes a condition upon the right to bring an action and therefore introduces a new element of a fraudulent transfer claim. Id. (citing In re Estate of Speake, 743 P.2d 648, 652 (Okla.1987)).
 
 
 7
 Because the Transfer Act, through its extinguishment provision, seeks to affect the government's substantive right to bring a fraudulent transfer action, we hold that it should not have been applied here. The statute does not expressly provide for such retroactive application. See Gem Trading Co., 603 P.2d at 834 (statute cannot be applied retroactively if it is substantive and changes the elements of a cause of action).
 
 
 8
 Instead, the court should have applied the repealed Conveyance Act, which was the act in effect when the conveyances were made. See, e.g., Peterson, 93-1 USTC p 50,230, n. 1 (applying Washington Conveyance Act in action brought after its repeal and replacement by Transfer Act, because Conveyance Act was the law in effect at time conveyances were made); Towe Antique Ford Found. v. I.R.S., 791 F.Supp. 1450, 1457 (D.Mont.1992) (finding that Montana Conveyance Act controlled in a fraudulent conveyance action where it was the law in effect at the time the conveyances were made, even though it had been replaced by the Transfer Act), aff'd on other grounds, 999 F.2d 1387 (9th Cir.1993); Karras v. Karras, 16 F.3d 245, 247 (8th Cir.1994) (applying South Dakota's repealed Conveyance Act because it was the law in effect at the time of the alleged fraudulent transfers).
 
 
 9
 Because the state statute of limitations for actions under the Conveyance Act does not apply to the federal government, the applicable limitation is the ten-year federal statute of limitations governing tax assessment collection actions. 26 U.S.C. § 6502(a)(1). United States v. Overman, 424 F.2d 1142, 1147 (9th Cir.1970); see also Fernon, 640 F.2d at 612 (ruling that government's collection action brought under Florida's fraudulent conveyance statute was governed by 26 U.S.C. § 6502(a)(1)).
 
 CONCLUSION
 
 10
 We reverse the judgment and remand for reconsideration of Bacon's summary judgment motion, with instructions that the applicable statute is the Conveyance Act, and the applicable time limitation is the ten-year federal statute of limitations for tax assessment collection actions.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 [1]
 The Washington legislature repealed the Conveyance Act in 1987 and replaced it with the Transfer Act, which became effective on July 1, 1988. RCW 19.40; 1987 Wash.Laws Ch. 444 §§ 15-16
 
 
 [2]
 Apparently the extinguishment provision was designed in part to bar actions asserted by the government under the Summerlin rule: "The section rejects the rule applied in the United States v. Gleneagles Inv. Co., 565 F.Supp. 556, 583 (M.D.Pa.1983) (state statute of limitations held not to apply to action by United States based on Uniform Fraudulent Conveyance Act)." Unif. Fraudulent Transfer Act § 9, comment (1), 7A U.L.A. 665-66 (1984) (quoted in Vellalos, 780 F.Supp. at 707). In this regard, the provision appears to be a dressed-up statute of limitations, crafted to circumvent the rule of Summerlin