134 F.3d 379
 81 A.F.T.R.2d 98-525, 98-1 USTC P 50,172
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. BODWELL, Defendant-Appellant.
 No. 97-15316.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 15, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Ronald L. Bodwell ("Bodwell") appeals pro se from a grant of summary judgment in favor of the United States reducing a tax assessment for the years 1979, 1980, and 1981 to a federal tax lien on Bodwell's Kyburz property ("Kyburz"). Bodwell also argues that the district court abused its discretion in denying his motions to compel discovery and for a continuance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * We review de novo a grant of summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993)
 
 
 4
 Bodwell argues that the district court failed to review the tax assessment which the government reduced to judgment against him. The district court found that any arguments raised to challenge the tax assessment were barred by the doctrine of res judicata. "Under [the doctrine of res judicata], a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." Baker v. IRS (In re Baker), 74 F.3d 906, 909-10 (9th Cir.1996) (emphasis added).
 
 
 5
 In this case, the tax assessments for the years 1979, 1980, and 1981 were made after Bodwell received a notice of deficiencies which he challenged in federal tax court. See Ronald L. Bodwell and Betty Bodwell v. C.I.R., Docket No. 1113-84, entered on July 17, 1985, aff'd, 798 F.2d 472 (9th Cir.1986), cert. denied, 479 U.S. 1093 (1987). Thus, the district court was correct in refusing to consider arguments by Bodwell challenging the validity of the tax assessment. We also refuse to consider these arguments on appeal.[1]
 
 
 6
 Bodwell contends that the court's consideration of the form 4340 submitted by the government to show the tax assessment against Bodwell constituted an improper reliance on hearsay evidence. Bodwell also argues that the form 4340 is insufficient evidence of notice and demand for payment of the tax assessment required by 26 U.S.C. § 6303(a).[2] We rejected similar arguments in Hansen, 7 F.3d at 138 (9th Cir.1993) (holding that the computer-generated form 4340 is reliable evidence and sufficient in the absence of contrary evidence to establish that notice and demand were made). Bodwell asserts that notice and demand were not served. Bodwell failed, however, to submit evidence establishing a genuine issue of fact as to service. Id.
 
 II
 
 7
 Bodwell states several additional contentions in support of a reversal of summary judgment. Bodwell first contends that the IRS has no authority to seize Kyburz. We will not consider this argument because the record indicates that it was not raised before the district court. See Speck v. United States, 59 F.3d 106, 109 (9th Cir.1995) (declining to consider argument raised for the first time on appeal where no reason for delay is offered).
 
 
 8
 Second, Bodwell contends that the government did not have the proper authorization to commence this action against him. Bodwell relies on 26 U.S.C. § 7401, which provides:
 
 
 9
 No civil action for the collection of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.
 
 
 10
 26 U.S.C. § 7401 (1997).
 
 
 11
 We agree with the district court's finding that the government did have the proper authority to commence this action pursuant to § 7401. The court referred to a letter from the Chief Counsel of the Internal Revenue Service ("IRS") authorizing the action against Bodwell and a letter from the Assistant Attorney General of the tax division directing commencement of this action against Bodwell. Pursuant to 26 U.S.C. § 7701, which provides the definitions for terms used in the Internal Revenue Code, the term "Secretary" shall include "the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B) (1997). The term "delegate" includes "any officer, employee, or agency of the Treasury Department...." 26 U.S.C. § 7701(a)(12)(A) (1997). Thus, the Chief Counsel for the IRS and the Assistant Attorney General of the tax division are authorized to direct commencement of this action against Bodwell.
 
 
 12
 Third, Bodwell contends that summary judgment was inappropriate because the government failed to prove that Bodwell fraudulently conveyed Kyburz to any of the other defendants. The court found that only Bodwell had any remaining interest in Kyburz because default judgments were entered against all other defendants. None of the other defendants have appealed the court's entry' of default judgment against them.
 
 
 13
 "Upon entry of a default judgment, the facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1989). The status of the property as to all defaulted defendants is that it was fraudulently conveyed to them by Bodwell. Bodwell's argument that Kyburz was not fraudulently conveyed is tantamount to claiming that he has no interest in Kyburz. This argument is inherently inconsistent. None of the other defendants have come forward to dispute the allegations in the government's complaint asserting that Bodwell is the true owner of Kyburz. In light of this, we conclude that there is no genuine issue of material fact as to Bodwell's ownership of Kyburz.
 
 
 14
 Fourth, Bodwell contends that the statute of limitations for extinguishing a fraudulent conveyance pursuant to 28 U.S.C. § 3306(b), expired three years before the United States filed suit. The district court correctly applied 26 U.S.C. § 6502(a)(1) which allows for a ten year statute of limitations in this case. See United States v. Bacon, 82 F.3d 822, 825 (9th Cir.1996). Therefore, the government's complaint was timely.
 
 III
 
 15
 Bodwell also argues that the district court erred in denying his motions to compel discovery and for a continuance of summary judgment to allow more time for discovery. "We review for abuse of discretion a district court's decision not to permit further discovery." Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994). To establish abuse of discretion Bodwell must show, 1) he diligently pursued previous discovery opportunities, and 2) how allowing additional discovery would have precluded summary judgement. Id.
 
 
 16
 The district court found that a continuance for further discovery was unnecessary because Bodwell sought information only regarding issues already resolved by the court's earlier order granting partial summary judgment. This ruling is not an abuse of discretion. Furthermore, Bodwell fails to allege on appeal how further discovery would assist him in rebutting the government's evidence against him.
 
 
 17
 The government's request for sanctions against Bodwell for filing a frivolous appeal is denied.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Bodwell's arguments which are barred by the doctrine of res judicata are: 1) the tax court had no authority and no jurisdiction to implement federal income taxes against him, 2) applicable regulations are invalid for failure to comply with notice and comment procedures, 3) the notice of deficiencies was invalid, thereby depriving the tax court of jurisdiction. All of these are challenges Bodwell could have brought in his petition to the tax court and on appeal from the tax court's decision
 
 
 [2]
 Section 6303(a) provides:
 Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
 26 U.S.C. § 6303(a) (1997).